STATION WNEL CORPORATION, Plaintiff and Appellee, *v.* NATIONAL BELLAS HESS STORES, INC., Defendant and Appellant.

No. 10833. Argued February 4, 1953.—Decided April 13, 1953.

*Juan Enrique Géigel, Guillermo Silva* and *Hernán Pesquera,* for appellant. *Lino J. Saldaña, Luis F. Sánchez Vilella, Celestino Morales, Jr.,* and *Sarah Torres Peralta,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellee, Station WNEL Corporation, filed a complaint in the former District Court of Puerto Rico, San Juan Section, against the appellant National Bellas Hess Stores, Inc., alleging, among other things, that it is the lessee of the second story of the building described in the complaint and that appellant is the lessee of the first story of said building; that the latter has installed in it an electrical sign which due to its vertical position invades the property occupied by the appellee, that is, the exterior wall of the second story, depriving appellee from the free enjoyment and use of said property. The appellee prayed for a permanent injunction ordering the removal of the sign and restraining appellant from "installing it in such a way as to invade the appellee's property" and from interfering "with the normal operation" of its business. The appellant answered, and a trial was held. On November 28, 1951 the lower court issued a decree granting the relief prayed for.

On that date the permanent injunction was issued, and the parties were notified on the 30th of that same month. On December 10, 1951, National Bellas Hess Stores, Inc.. appealed from said decree.

The trial court ordered the preparation of the transcript of the evidence, which was filed by the stenographer on June 26, 1953 and approved, by a certificate issued to that effect, on July 24, of said year. Notice of said certificate was served on the parties, and filed on record on August 1, 1952. On December 3, 1952, approximately four months after the transcript had been approved but without appellant having filed in this Court the record on appeal and without having requested an extension of time to do so, the appellee moved for the dismissal of the appeal for the reason that it had not been timely perfected.[1] Seven days later the appellant filed the record on appeal, that is, the judgment roll and the transcript of the evidence, and on the 13th of said month a motion objecting to the dismissal. The appellee petitioned for a hearing on the motion and at said hearing it moved to amend its motion to include an additional ground for dismissal, to wit, that the appeal is frivolous. Permission to amend was granted and the parties were also heard on that issue. Subsequently the appellee filed a motion, to which appellant objected, setting forth in writing this additional reason for the dismissal of the appeal.

---

[1] Section 299 of the Code of Civil Procedure as amended by Act No. 111 of May 5, 1939, reads in part as follows:

"The record on appeal shall be constituted by the certification issued a quo by the secretary of the court, or by the attorneys for the parties, of the judgment roll and notice of the appeal, except where a transcript of the evidence has been approved according to law. In such case, the record on appeal shall be constituted by said original transcript and by certifications of the other documents constituting the judgment roll authorized as hereinbefore provided. It shall be the duty of the appellant to deliver to the secretary said certification authorized by the attorneys for the parties, or to request same from him and said official shall without delay forward to the Supreme Court the complete record of the appeal. The record on appeal shall be filed by the attorney for appellant in the office of the Secretary of the Supreme Court within the thirty (30) days

In its written opposition to the dismissal of the appeal, on the ground that it had not been perfected on time, the appellant admits that the transcript of the evidence was approved by the trial court on July 24, 1952, and that in spite of that, when the dismissal was requested, the record of appeal had not yet been filed in this Court. However, he contends, that the appeal should not be dismissed, since: (1) the delay in perfecting it was due to the fact that "the stenographer-reporter of the Superior Court, San Juan Part, to whom the transcript of the evidence, essential to the judgment roll, had been ordered by the appellants, had not been able to complete it"; (2) the complete record was filed on December 10, 1952; (3) the reason for the delay in the appeal was due to the stenographer's delay in the preparation of the transcript of evidence; (4) the appeal raises important and interesting issues which the appellant wants to call to the attention of the court and plead them properly.

■ The judgment roll did not have to be prepared by a specific stenographer. If the one to whom this work was entrusted was not able to finish it on time, it could have been entrusted to somebody else.

■ Considering that no reasons whatsoever have been given to account for the delay in perfecting the appeal, the mere fact that the record of appeal was filed a few days after the petition to dismiss, should not exonerate appellant

following the day in which the transcript of the evidence is approved, the delay of the secretary not to impair the appeal, and note shall be taken of the fact that notice has been served on the attorneys for appellees, together with a true copy of the allegations contained in the judgment roll.

"The record of an appeal shall be constituted by the certificate issued to the attorneys for the parties by the secretary of the court *a quo*, of the judgment roll, and the certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided.

"The secretary of the district court shall transmit to the Supreme Court, without any delay, the complete record on appeal. The record on appeal shall be filed in the office of the Secretary of the Supreme Court within the next thirty days following that on which it was approved by the court."

Rule 10 of the Rules of our Supreme Court provides the following:

from the consequences of such delay. In meritorious cases, when there are justifiable grounds for the delay, we may relieve the appellant from the consequences thereof, even after the dismissal is requested, but we do not deem it advisable to establish that as a general rule we shall do so, merely because the record of appeal is actually filed, even if the delay is not justified. For obvious reasons, the appellate proceedings cannot be left to the absolute control of parties to the litigation, and still less, can we adopt a rule by which an appellant may delay the perfection of an appeal, almost at its own discretion, remaining inactive until the appellee protests.

■ The alleged stenographer's delay in getting ready the transcript of evidence is not related in any manner whatsoever to, nor could it have been the cause of, the delay in the filing of the record of appeal. The transcript, as we have stated, was filed in the court *a quo* on June 26, 1952 and approved by said court on July 24 of said year. After that the only thing left to prepare was the judgment roll which consists of only fifty-nine pages.

■ Appellant contends that we should not dismiss the appeal because it raises important issues. It further states

"(*a*) The record on appeal in a civil case shall include the judgment roll certified by the clerk of the district court or the attorneys of the parties, the notice of appeal, and the transcript of evidence duly certified by the district judge."

"(*f*) . . . Within the term of thirty (30) days, counted from the date the judge approved the transcript of evidence, the clerk of the district court shall send it to the Supreme Court together with the judgment roll, documentary evidence, and the original *exhibits*, if any. In cases where there is no transcript of evidence, the appellant shall file the judgment roll in this court within 30 days after the filing of the notice of appeal."

Rule 12 of the same Rules, reads in part as follows:

"(*c*) The appellee may move for the dismissal of an appeal on the following grounds: (1) that this court lacks jurisdiction to consider the appeal; (2) that the appeal has not been perfected pursuant to the law; (3) that it has not been prosecuted with due diligence or in good faith; (4) that the appeal is frivolous.

"(*d*) An appeal may be dismissed at any time by an order of the court upon appellant's motion, duly served on the adverse party, and the clerk of this court shall notify the lower court of the order entered."

that one of the questions raises a problem of law which is novel in this jurisdiction. Irrespective of the fact that our provisions of law and rules on appellate procedure have been approved to be complied with, an examination of appellant's brief fails to impress us with serious doubts as to the justice of the judgment appealed from. *Becerril* v. *Rodríguez,* 54 P.R.R. 195.[2]

Appellee's motion is granted and consequently the appeal is dismissed.

Mr. Justice Belaval did not take part in the decision of this case.

---

[2] This case was decided when Rule 58 of the then Rules of this Court was in force, which rule provided in part as follows: · "If the transcript of the record or the brief made by appellants be not filed within the time prescribed, the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion." In said case we dismissed the appeal, stating among other things that:

"The strong desire of this Court has always been to decide the appeals on their merits, but the expediency of proceedings must be secured, and a party should not be allowed to voluntarily delay the prosecution of an appeal, to the prejudice of the other party. That is the reason for the rules."

The provision to which we refer was eliminated from our Rule years ago.